**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America,**

        *Plaintiff*,

v.                                                         Case No. 3:06-cr-174
                                                                    Judge Thomas M. Rose

**Thurman Mayton,**

        *Defendant*.

---

**ENTRY AND ORDER DENYING MOTION TO RECONSIDER DISMISSAL ORDER. DOC. 270.**

---

Pending before the Court is United States' Motion for Reconsideration of Dismissal Order. Doc. 270. While this motion does not state what Federal Rule of Criminal Procedure it is based upon, the Government states four reasons why the Court should vacate its order dismissing Defendant Thurman Mayton: 1. The Court failed to perceive that "it was established that the defendant's participation...occurred some 90 days beyond [November 22, 2000]. (Tr. 28)"; 2. Defendant failed to communicate his withdraw to a sufficient number of co-conspirators; 3. Defendant's failure to notify authorities of the conspiracy allowed "its members to continue to traffic marijuana until the execution of search warrants in January 2005,"; and 4. a decision to grant a dismissal based upon withdrawal should be reserved for a jury, "particularly in a case such as this where the facts are disputed."

As for the Government's first point, the Court has read the transcript and particularly page 28 of the transcript, failing to find evidence of any sort that substantiates the claim that Defendant

participated in the conspiracy substantially beyond November 22, 2000. Defendant remembers going to receive payment the night he withdrew from the conspiracy. Doc. 215 at 52-53, 56.

Neither is there an inconsistency in Officer May's statement that Defendant would have had to receive payment from Fletcher at a later time. Doc. 215 at 40-41. Defendant himself described how he had to go to Fletcher's house for the payment later on the day he withdrew. *Id*. at 52-53, 56. Officer May doesn't "know the exact time" when Defendant received payment. *Id.*[1]

As to the second contention, the Court has previously found that Defendant communicated his withdraw to a sufficient number of co-conspirators. Defendant told the co-conspirator who recruited him, Mr. Fletcher. Defendant "didn't know any of these other guys. [He] couldn't talk to anybody else." Doc. 215 at 53. The Supreme Court has not held that a defendant must inform more members of a conspiracy of withdrawal than is "manageable." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464 n.37 (1978). This is especially true in situations where "all 'other' members might not be readily identifiable." *Id.*; see also *United States v. Gonzalez*, 797 F.2d 915, 917 (10th Cir. 1986) and *United States v. Kinkle*, 631 F. Supp. 423, 427 (E.D. Pa. 1986).

---

[1] The only other testimony that can arguably be read contrary to a November 22, 2000 termination of participation is that of Special Agent Bruce May, Doc. 215 at 4, who says that, after the distribution in which Defendant participated, which occurred prior to November 22, 2001, he was allowed to sweep the floor for the "leavings," which amounted to a pound to a pound and a half , and which, the officer hypothesizes, might have taken Defendant "a month or two" to distribute on his own. Doc. 215 at 38. Assuming the Officer's conjecture that Defendant distributed this on his own for as long as two months after this is true, this does not negate Defendant's withdrawal from the interstate distribution conspiracy. Moreover, assuming he did sell this amount himself, he would have completed this in February 2001, at the latest. Officer May affirmed the Court's understanding that, in any event, Defendant's involvement was complete within 90 days from a mid-November 2000 delivery date. *Id.* at 42-43. "No later tha[n] February 2001." *Id.* at 42. The first document to mention the Defendant in this case is the Second Superceding Indictment, which was filed February 16, 2007, Doc. 97, well beyond when the five-year statute would have run for activities undertaken in February 2001. (The Court's original decision in this matter incorrectly described Mayton as a defendant in the original indictment.)

The Court also rejects the contention that the fact that Defendant "agreed to keep quiet" and "continued to honor this agreement even up to April 29, 2005" constitutes an act of concealment furthering the conspiracy.  The Government is correct in pointing out that the Supreme Court has instructed lower courts to distinguish acts that further the "Main criminal objectives of a conspiracy [from] acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Grunewald v. United States*, 353 U.S. 391, 405 (1957).  In the instant case, however, there is no traditional criminal act of concealment.  Defendant merely remained silent.  *Grunewald* posed as an example the difference between the act of concealment in repainting a stolen car to further a conspiracy to steal and the act of repainting a stolen car after a conspiracy such as a kidnaping was already complete, merely to cover one's tracks.  *Id.*  In the instant case, there is no "act" of concealment.

There are two ways to withdraw from a conspiracy: an affirmative act that is inconsistent with the goals of the conspiracy, such as making a full confession to the authorities, or communicating to co-conspirators that one has abandoned the enterprise. *Hyde v. United States*, 225 U.S. 347, 369 (1912).  To require a co-conspirator to confess the crime to authorities after informing his co-conspirators of his decision to withdraw would obviate one of the means recognized by the Supreme Court for withdrawal.  Once a defendant communicates his withdrawal to co-conspirators, he is free to remain silent.

Finally, as regards the need to put contested issues before a jury, as noted above, there is no evidence that creates a dispute of fact in this case as regards Defendant's withdrawal.  Moreover, in the case the Government cites as authority for putting this matter before a jury, "neither

[defendant] raised a defense based on withdrawal." *United States v. Brown*, 332 F.3d 363, 372-74 (6th Cir. 2003).

Because Defendant withdrew more than five years prior to being indicted, his motion to dismiss, Doc. 218, is **GRANTED** and the charges against him are **DISMISSED.**

**DONE** and **ORDERED** in Dayton, Ohio this Tuesday, March 18, 2008.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
